UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VANESSA JO STAMPLEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:23-CV-1625-B |
| | § | |
| RCNI FREIGHT, LLC and JUAN RAMON GARCIA VERDE, | § | |
| | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Unopposed[1] Motion to Dismiss for Lack of Proper Venue (Doc. 4). Defendants ask the Court to dismiss the case, or, in the alternative, to transfer the case to the Waco Division of the Western District of Texas. Doc. 4, Mot. Twenty-one days have passed since the Motion was filed, and Plaintiff has not filed a response. This failure to respond "is not in itself grounds for granting the motion." *See Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc.*, 702 F.3d 794, 806 (5th Cir. 2012) ("Rule 12 does not by its terms require an opposition; failure to oppose a 12(b)(6) motion is not in itself grounds for granting the motion."). Instead, the Court must determine whether dismissal is appropriate. *See id.*

Here, Defendants assert, "A substantial part of the events or omissions giving rise to Plaintiff's claim did not occur in the United States District Court for the Northern District of Texas Dallas Division, which encompasses Ellis County, Texas, and therefore venue is improper." *See* Doc. 4, Mot., ¶ 7. Thus, they argue, the Court should dismiss under 28 U.S.C. § 1391 and Federal Rule of

---

[1] Plaintiff is unopposed to the Motion only "insomuch as transferring venue to McClennan County, Texas [i]s concerned." *See* Doc. 4, Mot., ¶ 9.

- 1 -

Civil Procedure 12(b)(3).[2] *See id.* ¶ 2.

"[Section] 1391 has no application to a removed action." *Burlington N. & Santa Fe Ry. Co. v. Herzog Servs., Inc.*, 990 F. Supp. 503, 504 (N.D. Tex. 1998) (McBryde, J.) (citing *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665 (1953)). Instead, venue in removed cases is governed by 28 U.S.C. § 1441(a). *Polizzi*, 345 U.S. at 665. Section 1441(a) provides that venue over a civil action removed from state court is proper in "the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

So venue is proper in this Court. Before removal, the matter was pending in state court in Ellis County, Texas. *See* Doc. 1, Notice Removal; Doc. 1-3, Pet. And Ellis County is within the Dallas Division of the Northern District. *See* 28 U.S.C. § 124(a)(1). Defendants voluntarily removed to this Court. *See* Doc. 1, Notice Removal. Thus, the Court **DENIES** Defendants' request to dismiss this case for improper venue. *See Ashton v. Knight Transp., Inc.*, 2009 WL 2407829, at *3 (N.D. Tex. Aug. 6, 2009) (Boyle, J.) ("[I]t is well established that when the defendant voluntary applies for removal, venue is proper in the district court where the suit is removed.").

"The only question is whether the action should be transferred pursuant to 28 U.S.C. § 1404(a) '[f]or the convenience of the parties and witnesses, in the interest of justice.'" *See Burlington N.*, 990 F. Supp. at 504. Defendants ask the Court to transfer the case to the Waco

---

[2] This argument gets § 1391(b)(2) venue analysis backwards. The question is not whether a substantial part of the events took place elsewhere; rather, the question is whether "a substantial part of the events or omissions giving rise to the claim occurred" in this judicial district. *See* 28 U.S.C. § 1391(b)(2). Thus, under § 1391(b)(2), venue may be proper in a judicial district even if a substantial part of the events or omissions giving rise to the claim occurred elsewhere. *See, e.g.*, *Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 432 (2d Cir. 2005) (noting that "Section 1391(b)(2) does not restrict venue to the district in which the 'most substantial' events or omissions giving rise to a claim occurred" and concluding that "§ 1391(b)(2) contemplates that venue can be appropriate in more than one district and permits venue in multiple judicial districts as long as a substantial part of the underlying events took place in those districts.") (internal quotations omitted).

Division of the Western District of Texas. Doc. 4, Mot., ¶ 8. Plaintiff is unopposed to the transfer. *See id.* ¶ 9. The Petition indicates a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in McClennan County, Texas, which is in the Waco Division. *See* Doc. 1-3, Pet., ¶ 11; 28 U.S.C. § 124(d)(2). And Plaintiff does not allege any events or omissions that occurred in Ellis County. *See generally* Doc. 1-3, Pet. Because the case could have been brought in the Waco Division, the Court finds no reason to disturb the parties' agreement. *See* 28 U.S.C. § 1404(a). The Court therefore **GRANTS in part** the Unopposed Motion to Dismiss (Doc. 9) and **TRANSFERS** this case to the Western District of Texas, Waco Division.

    **SO ORDERED**.

    **SIGNED: August 18, 2023.**

_____<br>
JANE J. BOYLE<br>
UNITED STATES DISTRICT JUDGE